# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>RON W. MCCLAIN, )<br>Defendant. ) | No. 06-0808-CV-W-FJG |

## **DEFAULT JUDGMENT**

Pending before the Court is plaintiff's motion for default judgment (Doc. No. 3). On September 27, 2006, plaintiff filed a complaint (Doc. No. 1) against defendant Ron W. McClain claiming that defendant defaulted on his student loan. Plaintiff also seeks payment plus interest on this loan. On February 7, 2007, plaintiff filed a motion for default judgment (Doc. No. 3) because defendant failed to respond to its complaint. The Court entered an Order to Show Cause (Doc. No. 8) on May 1, 2007 ordering defendant to show cause in writing why a default judgment should not be entered against him because defendant failed to answer or otherwise respond to plaintiff's Complaint as well as respond to plaintiff's motion for a default judgment.

Defendant responded to the Court's Show Cause Order on June 14, 2007 (Doc. No. 11) explaining that a default judgment should not be entered against him because he filed for bankruptcy under Chapter 7 and was granted a Discharge of Joint Debtors on November 14, 1990. Defendant claims that his student loans were discharged on November 14, 1990, along with his other debts. The Court then provisionally denied plaintiff's motion for default judgment and ordered plaintiff to file a response on the issue of whether defendant's student loans are dischargeable pursuant to the Discharge of Joint

Debtors filed on November 14, 1990 (Doc. No. 14). Additionally, the Court ordered defendant to serve and file an answer to plaintiff's Complaint on October 11, 2007 (Doc. No. 14) and on December 10, 2007 (Doc. No. 18).

Plaintiff responded that defendant's loan was not discharged by the bankruptcy filed on November 14, 1990 because there was no finding by the bankruptcy court that repayment would constitute undue hardship and defendant's loan was not in repayment at the time bankruptcy was filed (Doc. No. 16).

Thereafter, defendant's wife, Sandy McClain, sent a letter to the Court on behalf of defendant on January 2, 2008 stating again that the student loan was discharged when defendant filed for bankruptcy in 1990 and that defendant was ill and unable to work (Doc. No. 20). The letter also stated that defendant had no funds to pay for this loan and that defendant would not respond to anymore inquiries regarding this loan.

The Court finds that default judgment is appropriate in this case because defendant has failed to defend or otherwise participate in this matter and defendant's student loan was not discharged by the Discharge of Joint Debtors entered on November 14, 1990. Discharge of United States Department of Education financed loans is governed by 11 U.S.C. § 523(a)(8). Under §523(a)(8), a bankruptcy filed under Chapters 7, 11, and 12 does not discharge an individual debtor from any debt for "an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit, or nonprofit institution... or an obligation to repay funds received as an educational benefit, scholarship, or stipend." Educational or student loans are only discharged through bankruptcy if repayment of the

2

debt "would impose an undue hardship on the debtor and the debtor's dependents." Id.

However, the language contained in §523(a)(8) at the time of the Discharge of Joint Debtors entered in 1990 is different than the current language in the statute. Prior to May 28, 1991, an educational loan was not dischargeable in bankruptcy "unless it became due five years before the filing of the petition or unless it would impose undue hardship on the debtor." See United States of America v. Wood, 925 F.2d 1580, 1582-83 (7th Cir. 1991). In enacting §523(a)(8), Congress intended "to make the discharge of student loans more difficult than that of other nonexcepted debt." Brunner v. New York State Higher Education Services Corp., 831 F.2d 395, 396 (2d Cir. 1987); see also Gibson v. Commonwealth of Virginia State Education, 1996 U.S. App. LEXIS 11659, *3 (4th Cir. 1996)(stating "Congress intended to protect student loan programs by preventing borrowers from discharging their student loans shortly after graduation.") ; T I Federal Credit Union v. Delbonis, 72 F.3d 921, 936 (1st Cir. 1995).

Defendant filed a petition in the United States Bankruptcy Court for the Western District of Missouri under Chapter 7 on June 26, 1990. The Discharge of Joint Debtors was entered on November 14, 1990. Upon review of defendant's entire bankruptcy file including the Discharge of Joint Debtors, the Court concludes that there was no finding by the Bankruptcy Court that repayment of defendant's educational loan debt would present undue hardship. The Discharge Order does not mention undue hardship nor did defendant file any motion requesting a finding of undue hardship in relation to his educational loan. Further, defendant executed and delivered the promissory note on November 17, 1988. (See Plaintiff's Exhibit A to Plaintiff's Complaint, Doc. No. 1-2). Thus, defendant's first

payment was not due more than five years before filing his petition in Bankruptcy Court. Therefore, defendant's student loan was not eligible for discharge at the time that the Discharge of Joint Debtors was entered on November 14, 1990. Given that defendant's student loan was not dischargeable with the Discharge Order and defendant has defaulted on his student loan, judgment in favor of plaintiff is appropriate. Finally, the Court finds that judgment in favor of plaintiff is also appropriate because defendant has failed to defend this action and file the appropriate pleadings such as filing an Answer to plaintiff's Complaint and conducting discovery.

Accordingly, for the foregoing reasons, the Court hereby **ORDERS** that a default judgment be entered against defendant and in favor of plaintiff in the principal sum of $4,871.00, plus accrued interest of $6,535.40 to May 8, 2008, plus interest thereafter on said principal at the rate of 8.20% per annum to the date of judgment, plus post-judgment interest as provided by 28 U.S.C. § 1961 until the judgment debt is paid in full, plus plaintiff's costs of $350.00, as allowed pursuant to 28 U.S.C. §§ 1914(a), 1920, 1923 and 2412(a)(2). Therefore, plaintiff's motion for default judgment is **GRANTED** (Doc. No. 3). It is further ordered that the Clerk of the Court send a copy of this Order as well as a copy of Federal Rule Civil Procedure 8 by regular and certified mail to:10600 Eastern Avenue, Kansas City, MO 64134.

**IT IS SO ORDERED.**

Date: 5/12/08
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge